UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY E. WHITE,

       Plaintiff,

vs.

Case No. 04-71093

HONORABLE LAWRENCE P. ZATKOFF
HONORABLE STEVEN D. PEPE

BOAL BOURLIER, OFFICER SCHNIEDER,
OFFICER C. MARSH, OFFICER DANIEL DAVIS,
and OFFICER MILANO,

       Defendants.
_____/

OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff alleges that Defendants, police officers with the Southfield Police Department, applied excessive force when they arrested him on July 20, 2003. Discovery in this matter ended on May 23, 2005 (Dkt. #28). Defendants have filed their Motion for Summary Judgment and it was determined it could be decided without the need for further discovery (Dkt. #22).

Plaintiff requested eighteen categories of documents from Defendants on November 8, 2004. On December 8, 2004, Defendants responded by providing several documents including police reports related to the July 20, 2003, arrest, incident reports, medical reports, offered a copy of the videotape of part of the incident if paid $25, and copies of any photographs. In addition, Defendants' attorney posed a number of objections, including attorney-client privilege, executive privilege, deliberative process privilege, "public policy" and irrelevance, and stated that Plaintiff's requests were merely a "fishing expedition."

On March 21, 2005, Plaintiff sent a letter to Defendants requesting that they reconsider their objections, and provide more information about the purported privileges (Pl.'s Motion, Exh. 2). Plaintiff claims he received no response to this letter. On May 10, 2005, Plaintiff filed the present motion to compel. This motion can be decided without a hearing. E.D. MICH. LR 7.1(e)(2). For the reasons that follow, Plaintiff's Motion to Compel Discovery is GRANTED IN PART.

    1.    <u>Attorney-Client Privilege.</u>

Defendants claim that some of the documents falling within the scope of Plaintiff's requests are protected by attorney-client privilege. Yet, they fail to provide any further explanation as to why the requested information is privileged, or even identify the documents withheld. Defendants are ordered to reconsider their claim of attorney-client privilege, including any of their own written statements or their statements recorded by others concerning the July 20, 2003, incident, and produce all non-privileged documents falling within the scope of Plaintiff's Document Requests. If defense counsel determines that there are remaining documents falling within the scope of Plaintiff's Document Requests that are protected by their attorney-client privilege, he will provide Plaintiff a privilege log describing "the nature of the documents, communications, or things not produced or disclosed in a manner that... will enable [Plaintiff] to assess the applicability of the privilege or protection." FED. R. CIV. P. 26(b)(5). For each document withheld, the privilege log should identify:

    i.    The author(s) and all recipients, along with their capacities/roles/positions.
    ii.    The nature of the privileged asserted.
    iii.    The subject matter, date produced, length and type of the document.
    iv.    The purpose of the document.
    v.    Why the document is immune from discovery and is believed to be privileged.

These categories, especially the last, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the privilege. There also must be enough detail to allow Plaintiff to make an intelligent argument, if available that the privilege does not exist.

If Plaintiff believes that any of the documents withheld should be produced, he may file a motion with the Court and, upon a showing of good cause, the documents may be subject to an *in camera* review by this Court, and this Court will then determine if the documents should be produced.

    2.    <u>Executive Privilege</u>

Defendants assert that some of the documents falling within the scope of Plaintiff's requests are shielded by Executive Privilege. The purpose behind the Executive Privilege is to protect pre-decisional policymaking deliberations between a subordinate and chief within a governmental agency so that decisions can be made without fear of public exposure. *See Parke, Davis & Co. v. Califano*, 623 F.2d 1, 5 (6th Cir. 1980). When applying Executive Privilege to discovery, the Court must balance the interests of the Plaintiff and the Defendants. *See Urseth v. City of Dayton*, 110 F.R.D. 245, 253 (S.D.Ohio,1986) (holding that Plaintiff was allowed to discover police files, including prior complaints against the officers and any statements they made regarding the incident, reasoning that the information is needed to establish Plaintiff's case). *Parke, Davis & Co.*, 623 F.2d at 5-6 (quoting *EPA v. Mink*, 410 U.S. 73, 89 (1973))(writing that the executive privilege "does not protect 'purely factual, investigative' materials from compelled disclosure").

Defendants are ordered to reconsider their claims of Executive or Deliberative Process Privilege, to ensure they are only shielding documents which contain truly deliberative/

policymaking concerns and not "factual, investigative material."

To the extent Defendants are attempting to protect their internal disciplinary investigations concerning the July 20, 2003, incident, IT IS ORDERED that they turn over all factual portions of such documents, but may redact information regarding the evaluative portion of the investigation. In the alternative, these documents can be provided to the undersigned's deputy courtroom clerk, William Barkholz, under seal, for an *in camera* inspection by the Court. In which case, no portion of these documents will be disclosed to Plaintiff without defense counsel having an opportunity to argue against such disclosure.

   3.  Relevance

Defendants also object to Document Requests #7, #8, and #9 on the grounds that they are irrelevant.[1] Requests #7 and #8 seek prior complaints against the Defendants, while #9 deals with the policy of the police department regarding subduing suspects.

Regarding the names of all police officers present, these shall be given to Plaintiff unless already provided.

Given the nature of Plaintiff's claims, he does not need the police department's policy statement on subduing suspects to demonstrate a violation of the Fourth Amendment. A violation of department policies does not establish a breach of standard of care because its standards may exceed those required by the Fourth Amendment. *Gallagher v. Detroit-Macomb Hosp. Ass'n*, 171 Mich.App. 761 (1988) (holding that violation of hospital policy does not establish a standard of

---

[1] In their response, Defendants also indicate that they object to producing prior complaints against the Defendant Officers because the documents would be inadmissible (Defendants' Resp., ¶4). Yet FED. R. CIV. P. 26(b)(1) indicates that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

care).

Defendants also note that the District Court of Nevada refused to allow discovery for past complaints against officers in *Segura v. City of Reno*, 116 F.R.D. 42, 44 (D. Nev. 1987), finding that past complaints are not relevant in establishing *personal* liability for the officers, or for establishing that official liability for a police chief who followed investigative procedures. Here, there is no claim against the city of Southfield or its police department for failing to train or supervise its officers, nor a claim that repeated excessive force complaints became a "custom" under the meaning of § 1983, making the officers liable in their official capacities.

Yet, prior acts evidence is, on occasion, admissible under FED. R. EVID. 404(b) and 406, and prior acts reflective of an individual's lack of honesty or truthfulness may be asked about on the issue of a witness' credibility. Thus, any personnel or disciplinary records of any of the individual named Defendants or any other investigative records involving complaints against them and any disciplinary action taken shall be provided to the undersigned's deputy courtroom clerk, William Barkholz, under seal, for an *in camera* inspection by the Court. No portion of these documents will be disclosed to Plaintiff without defense counsel having an opportunity to argue against such disclosure.

For the aforementioned reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery be GRANTED IN PART. Defendants shall produce, within fourteen days of this order, all documents noted above that are in their possession, custody, or control. For any documents withheld by Defendants on the basis of attorney-client privilege, Defendants shall provide a privilege log as noted above.

It is hoped that any documents asserted to be in the custody and control of the Southfield Police Department or any of its agents or employees for which the court seeks an *in camera* inspection will be provided without the need for a subpoena being issued.

Any party may file objections to this order within ten (10) days of service of this order pursuant to FED. R. CIV. P. 72(a) and E. D. MICH. LR 72.1(d).

SO ORDERED.

Dated: August 17, 2005             s/Steven D. Pepe
       Ann Arbor, Michigan         UNITED STATES MAGISTRATE JUDGE

Certificate of Service

I hereby certify that on August 18, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: T. Joseph Seward, and I further certify that I mailed a copy to the following non-ECF participant: Roy E. White.

                                     s/William J. Barkholz
                                     Courtroom Deputy Clerk